IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FLORENCE E. OMACHONU,

      Plaintiff,

vs.

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,
DENNIS J. SHIELDS, individually and in his
official capacity as CHANCELLOR,
UNIVERSITY OF WISCONSIN-PLATTEVILLE,
ELIZABETH A. THROOP, and
ALISON B. BUNTE,

      Defendants.

**COMPLAINT**
**JURY DEMAND**
Case No. 15-CV-69

# COMPLAINT

## INTRODUCTION

1.    This is a complaint of discrimination on the basis of race and national origin, Defendants having unlawfully denied Plaintiff Florence E. Omachonu, Ed.D. tenure and terminated her employment, in violation of 42 U.S.C. §§ 1981, 1983 and the Fourteenth Amendment to the U.S. Constitution.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction to hear this complaint under 28 U.S.C. §§ 1331 and 1343, as these claims for relief arise under the laws of the United States.

3.    Venue is proper in the U.S. District Court for the Western District of Wisconsin because Defendant Board of Regents operates the University of

Wisconsin-Platteville in this district and because events giving rise to these claims occurred in this district, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Defendant Board of Regents of the University of Wisconsin System is, by statute, the governing body of the University of Wisconsin System and the University of Wisconsin-Platteville. Its principal place of business is at 1860 Van Hise Hall, 1220 Linden Dr., Madison, Wisconsin.

5. The Board of Regents has statutory responsibility to grant faculty tenure appointments on the affirmative recommendation of the appropriate chancellor.

6. Defendant Dennis J. Shields is Chancellor of the University of Wisconsin-Platteville and is sued individually and in his official capacity. His principal place of business is at 2508 Ullsvik Hall, 1 University Plaza, Platteville, Wisconsin.

7. Chancellor Shields is the chief executive of the University of Wisconsin-Platteville, pursuant to Wis. Stat. § 36.01(5). He was appointed to his post by the Board of Regents on July 1, 2010, and has statutory responsibility for the administration and operation of the institution, including screening candidates for promotion and tenure and making recommendation on tenure to the Board of Regents. All actions alleged in this complaint to have been taken by defendant Shields were taken under color of state law within the meaning of 42 U.S.C. § 1983

2

and while carrying out his duties as a public officer or employee and within the scope of his employment by the Board.

8. Defendant Elizabeth A. Throop, Dean of the College of Liberal Arts and Education, University of Wisconsin-Platteville, has her principal place of business at 160A Gardner Hall, 1 University Plaza, Platteville, Wisconsin, and is sued individually.

9. Defendant Throop commenced her employment as Dean on or about June 15, 2012, and is responsible for the administration of the College of Liberal Arts. All actions alleged in this complaint to have been taken by Defendant Throop were taken under color of state law within the meaning of 42 U.S.C. § 1983 and while carrying out her duties as a public officer or employee and within the scope of her employment by the Board.

10. Defendant Alison B. Bunte was Director of the School of Education at the University of Wisconsin-Platteville at times pertinent to this complaint and is sued individually. She resides at 6820 North Elm Street, Platteville, Wisconsin.

11. Defendant Bunte at times pertinent to this complaint was responsible for budgetary issues, staffing, course scheduling and implementing the new licensure changes in the School of Education. Defendant Bunte's employment preceded that of the plaintiff. She retired on July 30, 2011. All actions alleged in this complaint to have been taken by Defendant Bunte were taken under color of state law within the meaning of 42 U.S.C. § 1983 and while carrying out her duties

as a public officer or employee and within the scope of her employment by the Board.

12. Plaintiff Florence E. Omachonu, Ed. D. is an adult resident of Murfreesboro, Tennessee.

13. Dr. Omachonu is African American by race.

14. Dr. Omachonu is a native of Nigeria.

15. At all times pertinent to this complaint, Dr. Omachonu was employed as an assistant professor in the School of Education, University of Wisconsin-Platteville.

## ALLEGATIONS

16. The Defendant Board of Regents, by former University of Wisconsin-Platteville Chancellor David J. Markee, appointed Dr. Omachonu as an assistant professor in the School of Education at the University of Wisconsin-Platteville on December 13, 2007, for the period encompassed by the balance of the 2007-2008 academic year.

17. Dr. Omachonu's principal assignment was teaching and learning as needed in the reading courses.

18. Former Chancellor Markee reappointed Dr. Omachonu to the same position for the upcoming 2008-2009 academic year.

19. On December 4, 2008, former Chancellor Markee reappointed Dr. Omachonu to the same position for the 2009-2010 academic year, noting only that she must complete her terminal academic degree.

4

20. In April 2010, the University's interim chancellor reappointed Dr. Omachonu for the 2010-2011 academic year, noting that she must complete her terminal degree and adequately address certain concerns of the faculty and then Dean Van Herder.

21. In 2010, then Dean Mittie N. Van Herder, College of Liberal Arts and Education, wrote to Vice Chancellor and Provost, Duane Merlin Ford, concurring in the decision that Dr. Omachonu be retained for the 2011-2012 academic year, and conditioning her future retention on evidence that Dr. Omachonu made continuing progress towards her doctoral degree and achieved progress in specific areas regarding teaching effectiveness.

22. On June 9, 2010, Alison B. Bunte, then Director, School of Education, wrote to Dr. Omachonu evaluating student evaluations and raising concerns regarding the clarity of Dr. Omachonu's instruction and assignments, as evidenced by selective student evaluations.

23. Director Bunte unfairly compared Dr. Omachonu's student evaluation scores to the scores of faculty members not similarly situated to her.

24. Director Bunte unfairly limited her review to selective evaluations by disgruntled students.

25. At relevant times, Director Bunte caused Dr. Omachonu to be assigned to teach an overload of classes which was not comparable to the number of classes taught by similarly situated faculty members.

26. At relevant times, Director Bunte changed Dr. Omachonu's teaching schedule and responsibilities without her consultation and in a manner which was not comparable to Director Bunte's treatment of similarly situated faculty members imposing an unreasonable teaching load on Dr. Omachonu that contributed to student dissatisfaction.

27. In 2010, Dr. Omachonu, Director Bunte and other University administrators met but addressed unsuccessfully Dr. Omachonu's claims of discriminatory treatment exhibited in Director Bunte's evaluation.

28. During 2009 and 2010, on information and belief, the University of Wisconsin-Platteville campus was riven with racist incidents and hate crimes perpetuated by students.

29. On February 1, 2011, Karen Stinson, Director, School of Education, and the School's tenured faculty wrote to Dr. Omachonu to affirm her progress toward tenure, to commend her for her past efforts and noting that: she must complete her doctorate before 2012 (her tenure year); she should review her syllabi to ensure greater clarity for students and to continue to improve her teaching skills; she should provide an updated vita for her next review.

30. In April, 2011, Chancellor Shields unconditionally reappointed Dr. Omachonu for the 2012-2013 academic year.

31. Dr. Omachonu received her doctoral degree in 2012.

32. In April, 2012, Chancellor Shields unconditionally reappointed Dr. Omachonu for the 2013-2014 academic year.

33. On January 22, 2013, the tenured faculty of the School of Education and Director Stinson recommended unanimously that Dr. Omachonu be granted tenure on the basis of her hard work, scholarship and service to the university.

34. The tenured faculty of the School of Education also voted unanimously to promote Dr. Omachonu to the rank of associate professor.

35. By memorandum dated March 12, 2013, Dean Elizabeth Throop, College of Liberal Arts and Education, wrote to Chancellor Shields to recommend against granting Dr. Omachonu tenure and promotion based on the 2010 allegations made by former Director Bunte, following Dr. Bunte's selective review of student evaluations of Dr. Omachonu's teaching.

36. Dean Throop based her recommendation against granting Dr. Omachonu tenure and promotion on student evaluations, in direct contravention of the criteria for decisions relating to renewal of appointments and recommending tenure in Wis. Admin. Code § UWS 3.06(1)(b), and in a manner not comparable to the tenure recommendations of similarly situated faculty members.

37. By letter dated April 16, 2013, Chancellor Shields informed Dr. Omachonu that he would not recommend that the Board of Regents appoint her as a tenured faculty member at UW-Platteville.

38. Dr. Omachonu appealed the decision, pursuant to the applicable University procedures.

39. By letter dated June 19, 2013, Chancellor Shields informed Dr. Omachonu that he refused to recommend to the Board of Regents that the University grant her tenure application on the basis of her teaching skills.

40. Chancellor Shields gave Dr. Omachonu notice that her probationary tenure-track appointment would and terminate as of May 2014 and that she would not be retained for the 2014-2015 academic year.

41. Dr. Omachonu's employment terminated as of May 2014.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION ON THE BASIS OF RACE
## IN VIOLATION OF 42 U.S.C. § 1981 AND THE
## FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

42. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs.

43. Although the entire faculty of the Department of Education voted unanimously that Dr. Omachonu be retained and be granted a tenured appointment, Defendants denied Dr. Omachonu tenure and terminated her employment on the basis of the 2010 evaluation by Defendant Bunte of selective student evaluations.

44. By their denial of tenure and termination of her employment, Defendants engaged in willful, unlawful discrimination against Dr. Omachonu on the basis of her race, in violation of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1981.

45. As a direct and proximate result of Defendants' actions, Dr. Omachonu has suffered lost wages and benefits, physical and emotional distress, loss of reputation and injury to her career, and loss of future earning capacity.

## SECOND CLAIM FOR RELIEF
## DISCRIMINATION ON THE BASIS OF NATIONAL ORIGIN
## IN VIOLATION OF 42 U.S.C. § 1983 AND THE
## FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

46. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs.

47. Although the entire faculty of the Department of Education voted unanimously that Dr. Omachonu be retained and be granted a tenured appointment, Defendants denied Dr. Omachonu tenure and terminated her employment on the basis of the 2010 evaluation by Defendant Bunte of selective student evaluations.

48. By their denial of tenure and termination of her employment, Defendants engaged in willful discrimination against Dr. Omachonu on the basis of her national origin, in violation of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

49. As a direct and proximate result of Defendants' actions, Dr. Omachonu has suffered lost wages and benefits, physical and emotional distress, loss of reputation and injury to her career, and loss of future earning capacity.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Florence E. Omachonu requests the following relief:

A. An order finding that in denying her tenure and in terminating her employment, Defendants discriminated against her on the basis of her race and national origin, in violation of 42 U.S.C. §§ 1981 and 1983;

B. An order requiring Defendant Board of Regents to reinstate Dr. Omachonu to employment with tenure and with all the benefits and privileges consistent with that status;

C. Judgment against Defendants Shields, Throop and Bunte individually, awarding her compensatory damages, including backpay in an amount deemed proper by the Court;

D. Judgment against Defendants Shields, Throop and Bunte individually, awarding her punitive damages in an amount deemed proper by the Court;

E. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

F. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury.

February 4, 2015.　　　　　　By:　　s/Timothy E. Hawks
　　　　　　　　　　　　　　　　　Timothy E. Hawks, SBN 1005646
　　　　　　　　　　　　　　　　　B. Michele Sumara, SBN 1010181
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　Hawks Quindel, S.C.
　　　　　　　　　　　　　　　　　PO Box 442
　　　　　　　　　　　　　　　　　Milwaukee, WI 53201-0442
　　　　　　　　　　　　　　　　　Telephone: (414) 271-8650
　　　　　　　　　　　　　　　　　Fax: (414) 271-8442
　　　　　　　　　　　　　　　　　E-mail: thawks@hq-law.com
　　　　　　　　　　　　　　　　　　　　　　msumara@hq-law.com